FILED
AUG 2 4 2006
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY EF DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Magistrate Case No.: 06MG8623 |
| Plaintiff, ) | Central District of California |
| ) | Case No.: CR 05-572(A)-JFW |
| v. ) | |
| Cleto VASQUEZ, ) | FINDINGS OF FACT AND ORDER |
| AKA: Carlos, ) | OF DETENTION |
| Defendant. ) | |

In accordance with § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. §§ 3141 et seq.), a detention hearing was held on August 14, 2006, to determine whether defendant Cleto VASQUEZ, AKA: Carlos, should be held in custody pending trial on the ground that he is a risk of flight. Assistant U. S. Attorney John F. Weis appeared on behalf of the United States. Diane Regan of Federal Defenders of San Diego, Inc., appeared on behalf of the Defendant.

Based on the evidence proffered by the United States and the Defendant, the Pretrial Services' report, and the First Superseding Indictment issued against the Defendant in the Central District of California, the Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required.

I

# FINDINGS OF FACT

A. <u>Nature and Circumstances of the Offense Charged (18 U.S.C. §3142(G)(1)</u>

1. On July 25, 2006, a federal grand jury for the Central District of California, returned a First Superseding Indictment, Criminal Case No. CR 05-572(A)-JFW , charging defendant with violations of:   Count 1:   8 U.S.C. § 1962(c)

        Racketeer Influenced and Corrupt Organizations;

    Count 2:   18 U.S.C. § 1962(d)
        Racketeer Influenced and Corrupt Organizations Conspiracy;

    Count 3:   21 U.S.C. § 846, 841(a)(1), 841(b)(1)(A) and 841(b)(1)(B)
        Conspiracy, Possession with Intent to Distribute and Distribution of Cocaine, Methamphetamine, and Marijuana;

    Count 40:   21 U.S.C. § 841(a)(1) and 841(b)(1)(A)
        Possession with Intent to Distribute cocaine;

    Count 44:   21 U.S.C. § 841(a)(1)
        Possession with Intent to Distribute marijuana;

    Count 45:   21 U.S.C. § 841(a)(1), 841(b)(1)(B)
        Possession with Intent to Distribute and Distribution; and

        18 U.S.C. § 2
        Aiding and Abetting and Causing an Act to be Done;

    Count 46:   21 U.S.C. §§ 841(A)(1) and 841(b)(1)(A)
        Possession with Intent to Distribute and Distribution of cocaine;

    Count 47: 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)
        Possession with Intent to Distribute cocaine;

    Count 50: 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)
        Possession with Intent to Distribute methamphetamine.

Therefore, probable cause exists to believe the Defendant committed the charged offenses.

2. The charged drug trafficking offenses are offenses for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C.§ 801 et seq.). See 21 U.S.C. § 841(b)(1)(A). Thus, there arises a presumption that no condition or combination of conditions will reasonable assure the appearance of the Defendant as required. See 18 U.S.C. § 3142(e).

3. The Defendant is facing a minimum mandatory sentence of 10 years and a maximum sentence of life in prison see 21 U.S.C. 841(b)(1)(A)(viii).

B. <u>Weight of the Evidence Against the Defendant (18 U.S.C. § 3142(g)(2):</u>

1. According to the First Superseding Indictment, Defendant and others did participate in a racketeer influenced corrupt organization; racketeer influenced and corrupt organizations conspiracy; possession with intent to distribute and distribution of cocaine, methamphetamine; and marijuana and attempt to possess with intent to distribute. The First Superseding Indictment also alleges that Defendant and others were aided and abetted by one another. The First Superseding Indictment and a warrant of arrest were issued against the defendant on November 30, 2005, by the Central District of California.

C. <u>History and Characteristics of the Defendant (18 U.S.C. § 3142(G)(3)</u>

1. The Defendant is a United States citizen.

2. The Defendant has been residing in Sun Valley, California.

D. <u>Nature and Seriousness of Danger Posed by Release (18 U.S.C. § 3142(g)(4)</u>

1. Other than that the charged crime is a drug trafficking offense, the government did not proffer evidence suggesting that the release of the Defendant would pose a danger to any person or the community. The Defendant has the following criminal history:

04/17/92 - Misdemeanor Carrying Loaded Firearm in a public place - 30 days jail, 24 months probation;

06/11/96 - Driving Under the Influence - 3 years summary probation;

02/27/97 - Felony Sell furnish Marijuana/hash - 2 years prison;

12/24/03 - Misdemeanor Driving without a license - $100 fine restitution.

II

REASONS FOR DETENTION

A. There is probable cause to believe that the Defendant committed the offenses charged in the Central District of California, Indictment Criminal Case No. CR 05-572(A)-JFW.

B. Thus the Court finds that the Government has sustained its burden of demonstrating, by a preponderance of the evidence, that the Defendant is a risk of flight and that there are no conditions or combination of conditions that it could set that would ensure Defendant's appearance for future court appearances.

  C. Defendant faces a substantial period of time in custody if convicted of the offense charged in the First Superseding Indictment; specifically, he faces a potential mandatory minimum sentence of 10 years imprisonment and a maximum of life imprisonment. He therefore has a strong motive to flee.

  D. The Court finds that the presumption under 3142(e) has not been rebutted. The Court finds that there is probable cause to believe that the Defendant committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the statute.

### III

### ORDER

IT IS HEREBY ORDERED that the Defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that the Defendant be committed to the custody of the Attorney General or her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver the Defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by defense and government counsel.

THIS ORDER IS ENTERED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED: 8-24-06

PETER C. LEWIS
UNITED STATES MAGISTRATE JUDGE

Prepared by:

CAROL C. LAM
United States Attorney


John F. Weis
Assistant U. S. Attorney

cc: Diane Regan
  Federal Defenders of San Diego, Inc.